In the Matter of the Application of FRANK YANZ for the Appointment of a New Trustee under the Will of FRANZ AMRHEIN, Deceased.

HATTIE AMRHEIN, Petitioner, Appellant; CHARLES BRANDT, JR., Trustee, Respondent.

(First Department, April 18, 1913.)

WILL—TRUST—VESTED REMAINDER—APPOINTMENT OF SUBSTITUTED TRUSTEE—NOTICE TO BENEFICIARIES.

A testator provided that his entire estate should be held as a trust fund and the income therefrom paid to his wife during her life; that after her death the income should be divided equally between his surviving children, two sons and a daughter, always provided that if his daughter should die her children should be entitled to her part in the income and principal of the trust fund; that said trust fund should remain until his youngest grandchild alive should become twenty-one years of age, when it should be divided in so many equal parts as he might have children living, but always providing that the share due to his daughter should go to her children if she should die prior to the division of said trust fund. It was also provided that if his daughter should be alive at the time of the termination of the trust fund, then her share should again become a trust fund and the income therefrom paid to her until her death, when said trust fund should be equally divided between her children. He appointed one of his sons and his daughter as trustees. His daughter died prior to the time fixed for the distribution of the trust fund and thereafter her daughter died leaving a will by which she gave one-half of her estate to the widow of one of the testator's sons and the other half in trust for her brother. Thereafter both trustees appointed by the testator having died, a new trustee was appointed without notice to the widow of testator's son claiming an interest in his estate under the will of his granddaughter.

*Held*, that upon the death of the testator's daughter prior to the time fixed for the distribution of the trust fund, the interest of her two children became vested remainders;

That an order appointing a new trustee without notice to the widow of testator's son claiming an interest in his estate under the will of his granddaughter should be reversed.

APPEAL by the petitioner, Hattie Amrhein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of January, 1913, denying a motion for the removal of the substituted trustee under the last will and testament of Franz Amrhein, deceased.

Melville J. France of counsel [Albert Charles Asche, attorney], for the appellant.

Eli S. Schreier, for the respondent.

CLARKE, J.—This was an application by Hattie Amrhein for the removal of Charles Brandt, Jr., the new trustee appointed herein, upon the ground that the said appointment was made without any notice to her as a beneficiary, in disregard of section 111 of the Real Property Law (Consol. Laws, chap. 50 [Laws of 1909, chap. 52], as amd. by Laws of 1911, chap. 216), and for an order directing the appointment of a fit and suitable person to carry into effect the trust provisions of the will of Franz Amrhein, deceased, upon notice to all persons beneficially interested as the court might direct. Mr. Brandt was appointed trustee on December 8, 1911, upon the *ex parte* application of Frank Yanz, who stated in the moving papers that he was the sole beneficiary.

Franz Amrhein died on February 14, 1903, leaving a last will and testament, which was probated September 29, 1905. The will provided as follows: " After all my lawful debts are paid and discharged, I give and bequeath to my beloved wife, Florentine Amrhein, my entire household furniture. And I further ordain that my entire estate such as real estate, per-

sonal estate and all moneys deposited in banks shall be properly invested by trustees hereinafter named, and shall be a trust fund and be so named. The entire income of this trust fund shall be given to my wife Florentine Amrhein, payable semi-annually until her death. After the death of my wife Florentine Amrhein the said trust fund shall remain, and the income of the same shall be divided between my surviving children semi-annually in equal parts, always providing that if my daughter Mary Yanz should die her children Florentine Yanz and Frank Yanz shall be entitled to her part in the income and principal of the trust fund, and said trust fund shall remain until such time as I hereafter name. And I hereby ordain that the before-said trust fund shall remain until my youngest grandchild alive either Florentine Yanz or Frank Yanz shall become twenty-one years of age. Then and there the said trust fund shall be divided in so many equal parts as may be living of my children, namely, George Amrhein, Mary Yanz and Edward Amrhein, if all three should be alive in three parts, if only two children should be alive in so many equal parts, but always providing that the share due to Mary Yanz, if alive, shall go to her children Florentine and Frank Yanz, if said Mary Yanz should die prior to the division of said trust fund, then the so divided trust fund shall be paid over to the so entitled heirs with the exception of the shares due to Mary Yanz, this share shall again become a trust fund and the income of this last named trust fund shall be paid semi-annually to my daughter, Mary Yanz, until her death when said trust fund shall be divided equally between her children, Florentine Yanz and Frank Yanz." He appointed his son George Amrhein and his daughter Mary Yanz as trustees.

George Amrhein died without issue September 7, 1904; Mary Yanz died December 30, 1906, leaving Florentine Yanz, who died January 14, 1911, leaving a last will and testament by which she gave one-half of her estate to Hattie Amrhein, widow

of Edward Amrhein, and one-half in trust for Frank Yanz, her brother. Mary Yanz also left a son, Frank Yanz, who now claims the entire estate derived from Franz Amrhein. A third son of Franz and Florentine Amrhein, Edward, died July 21, 1910, leaving his wife, Hattie Amrhein, the petitioner. Mrs. Florentine Amrhein, to-whom was left during her life the entire income of the trust fund, died April 2, 1908.

It is the contention of the appellant, Mrs. Hattie Amrhein, that she succeeded under the terms of her will to one-half of the interest of Florentine Yanz in the estate of Franz Amrhein; that the interest which Florentine Yanz had in the estate of Franz Amrhein, her grandfather, was one which she could and did devise and bequeath to the petitioner and that petitioner as a person beneficially interested, was entitled to notice of the application for the appointment of a substituted trustee.

It will be noted that the language used by Franz Amrhein in his will in reference to his gifts to Mary Yanz and her children Florentine and Frank differed radically from that used in reference to his gifts to George and Edward Amrhein. As to George and Edward the direction is to divide at the time fixed for distribution among them if they be living; as to Mary and her children Florentine and Frank he says in one place " always providing that if my daughter Mary Yanz should die her children Florentine Yanz and Frank Yanz shall be entitlèd to her part in the income and prinicpal of the trust fund." And again, in regard to the distribution of the trust fund, " but always providing that the share due to Mary Yanz, if alive, shall go to her children Florentine and Franz Yanz, if said Mary Yanz should die prior to the divisions of said trust fund, then the so divided trust fund shall be paid over to the so entitled heirs, with the exception of the shares due to Mary Yanz this share shall again become a trust fund and the income of this last named trust fund shall be paid semi-annually to my daughter Mary Yanz until her death when said trust fund shall be

divided equally between her children Florentine Yanz and Frank Yanz." The dominant rule for the construction of wills is the ascertainment of the intent of the testator. " Where, upon inspection of the will and upon a consideration of relevant facts and circumstances, an intent is apparent, all rules to the contrary must yield; provided that intent does not offend against public policy, or some positive rule of law." (Robinson v. Martin, 200 N. Y. 164.)

It seems clear that it was the intention of the testator that upon the death of Mary Yanz her interest should immediately vest absolutely in her children, Florentine and Frank. Besides the direction to divide when the trust period comes to an end, the will provides that Florentine and Frank Yanz shall always " be entitled to " the part of Mary Yanz, that the share of Mary Yanz shall always " go to " Florentine and Frank Yanz, provided Mary Yanz shall died before the time of distribution. That is, the share of the estate belonged to Florentine and Frank Yanz, subject only to the contingency that Mary Yanz would be given it if she survived the period of distribution. Mary Yanz died in December, 1906, prior to the time of distribution of the trust fund, the contingency involved ceased and the remainders in Florentine and Frank Yanz became absolute vested remainders.

" A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates." (Real Prop. Law [Gen. Laws, chap. 46; Laws of 1896, chap. 547], § 30; re-enacted by Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 40.)

Under that statute and upon the authority of Dougherty v. Thompson (167 N. Y. 472, 487) and the cases there cited, it would clearly appear that the remainder in Florentine and Frank Yanz vested, subject to be divested by the occurring of

the condition subsequent, the survival of Mary Yanz, to the time of distribution. Upon her death before distribution the condition subsequent no longer existed, the remainder continued vested in Florentine and Frank Yanz and could not be divested or defeated.

It seems to me clear that the intent of the testator was that upon the death of Mary Yanz her share should go absolutely to her children if the time of the termination of the trust period had not arrived. That is the situation presented. Upon Mary Yanz's death one-half of her share derived under the will of her father vested in her daughter Florentine and so passed by her will to the petitioner, Hattie Amrhein.

The order appealed from having been made without notice to appellant should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, without prejudice to the renewal of an application for the appointment of a substituted trustee upon giving notice to the beneficiaries as required by law.

INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN and SCOTT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, without prejudice to renewal of an application for appointment of substituted trustee upon giving notice to the beneficiaries as required by law.